IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Criminal Action No. 5:97CR53
                                                          (STAMP)

GLENN ALBERT STEWART, JR.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE
ACCORDING TO 18 U.S.C. § 3582(c)(2)**

I. Procedural History

The defendant in the above-styled criminal action was released on five-year term of supervised release after serving a 180-month sentence for possession of a firearm in interstate commerce by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). After being released on supervised release, the defendant admitted guilt to violating general and standard conditions of that release resulting in the execution of a 40-month sentence by this Court. His current sentence is to be served consecutively to two state sentences related to the revocation of his supervised release. ECF No. 120.

The defendant, proceeding pro se,[1] filed a motion requesting that this Court reduce his sentence pursuant to the United States

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Sentencing Commission's amendment to § 4A1.2 of the United States Sentencing Guidelines ("U.S.S.G."). This Court then directed the government to file a response. The government filed a response in opposition.

## II. Facts

The defendant was initially given a 180-month sentence after a finding was made by this Court that the defendant qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). This finding was made after it was shown that the defendant had committed four prior burglaries, three of which qualified under the ACCA. 18 U.S.C. § 924. The three qualifying burglaries all occurred within the state of West Virginia, were felonies punishable by imprisonment for a term exceeding one year, and the underlying conduct occurred on different dates and at different locations.

The defendant was convicted of all three of the underlying felonies in Brooke County, West Virginia. His first conviction was on or about January 22, 1990 and the defendant was convicted of burglary. Case No. 88-F-48. The first conviction of burglary was based on the defendant's breaking and entering into the residence of Robert Haas on February 25, 1988. The defendant was convicted of the second and third convictions on June 23, 1993, both convictions were for burglary. Case Nos. 93-F-28; 93-F-30. The second conviction of burglary, Case No. 93-F-28, was based on the

defendant's breaking and entering into the residence of Thomas Hensley on December 5, 1992. The third conviction of burglary, Case No. 93-F-30, charged the defendant with breaking and entering into the residence of Cecil Dennison on December 2, 1992.

However, in his motion for a modification of his sentence, the defendant asserts that the second and third burglary convictions used in the computation of his sentence should not have been considered. The defendant argues that because he was sentenced at the same time for those felonies and there was not an intervening arrest, they should not have been considered by this Court given the United States Sentencing Commission's amendment to U.S.S.G. § 4A1.2 which should be retroactively applied to the defendant pursuant to U.S.S.G. § 1B1.10(c). Further, the defendant contends that the first burglary conviction should not have been considered because he was convicted pursuant to a statute that is not divisible.

The government then filed a response in opposition to the defendant's motion. The government contends that the amendment relied on by the defendant, § 1B1.10(c), has not been made retroactive and thus does not apply to the defendant. Further, the government argues that sentencing pursuant to the ACCA is not subject to the definitions at U.S.S.G. § 4A1.2(a)(2). Additionally, the government asserts that the defendant's predicate convictions occurred on occasions different from one another as

3

required by the ACCA and, accordingly, the date of sentencing is immaterial.  Finally, the government argues that the West Virginia burglary statute, the statute of conviction, is divisible.

After reviewing the defendant's motion, the record in this action, and the United States Sentencing Guidelines, this Court concludes that the defendant is not eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

### III.  Applicable Law

Pursuant to 18 U.S.C. § 3582(c), an imposed term of imprisonment may only be modified by the court (1) upon a motion by the Director of the Bureau of Prisons; (2) if expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion . . . ."  Further, Rule 35 of the Federal Rules of Criminal Procedure allows a court to reduce or correct a sentence if there is an "arithmetical, technical, or other clear error" or upon the filing of a motion by the government.

### IV.  Discussion

As stated previously, the defendant argues that (1) his second and third convictions for burglary should not have been considered

as two separate predicate offenses under the ACCA, and (2) his first conviction of burglary should not have been considered as a predicate offense because the burglary statute was not divisible. This Court will consider these arguments in turn.

A.  1993 Convictions

The defendant contends that U.S.S.G. § 1B1.10 should be used by this Court as the impetus for granting his motion for a reduction of his sentence. Section 1B1.10 allows for certain amendments to the United States Sentencing Guidelines to be applied retroactively. However, as noted by the government in its response, § 1B1.10(c) specifically lists the "covered amendments" which are as follows: "126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only)." The defendant then asserts that the amendment to U.S.S.G. § 4A1.2(a)(2) falls within the confines of § 1B1.10(c), however, the defendant does not provide a specific reference to what amendment he is attempting to assert.

This Court agrees with the government that the amendment the defendant is likely attempting to assert is Amendment 709, effective November 1, 2007. This amendment eliminated the term "related case" in § 4A1.2(a)(2) and replaced it with "offenses not separated by an intervening arrest." However, as this amendment is not listed above, it would not fall within § 1B1.10(c) and thus the

5

defendant would not be entitled to relief pursuant to 18 U.S.C. § 3582(c)(2).

Further, and more importantly, the defendant's predicate 1993 burglary convictions are not subject to the definition set forth in § 4A1.2(a)(2). Even prior to Amendment 709, the United States Court of Appeals for the Fourth Circuit had recognized the distinction between the analysis required for § 4A1.2(a)(2) in comparison to that of the ACCA. United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998) ("It thus stands to reason that the test for the application vel non of an enhanced sentence under § 4B1.1 is different from the [ ] test for an enhanced sentence under § 924(e)."). Thus, this Court must review the defendant's enhancement in terms of the ACCA which requires a minimum mandatory sentence of 15 years. 18 U.S.C. § 924(e)(1).

The ACCA holds in relevant part that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1)[2] of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year [that] . . . is burglary . . . .

---

[2]Title 18, United States Code, Section (g)(1) holds that: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

6

18 U.S.C. § 924(e)(1)(B)(ii). The Fourth Circuit has adopted the Letterlough test for determining whether or not prior convictions should be considered as being "committed on occasions different from one another." United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998). Convictions are considered as having occurred on occasions different from one another under the ACCA if each "arose out of a separate and distinct criminal episode . . . [T]he predicate ACCA offenses must be those "'that can be isolated with a beginning and an end.'" Id. (citation omitted). The Fourth Circuit thus engages a list of factors:

> (i) whether the offenses occurred in different geographic locations; (ii) whether the offenses were substantively different; and (iii) whether the offenses involved multiple victims or multiple criminal objectives. These factors may be considered together or independently, and if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes. In other words, it does not matter for sentencing purposes if the several crimes are part of a larger criminal venture, as long as each constitutes, by itself, a complete and final transaction.

Id. (internal citations omitted).

In the case of the defendant, his second and third convictions can "be isolated with a beginning and an end." His second conviction had a different geographic location, occurred on a different date, and had a different victim than his third conviction. The offenses occurred three days apart and at different residences. Thus, even though the defendant was sentenced for both offenses at the same time, and even if the two

7

crimes were part of a "larger criminal venture" (although this is not claimed by the defendant), the two were substantively different and thus qualify as two separate predicate offenses for a violent crime, burglary, under the ACCA.

B. <u>1990 Conviction</u>

The defendant argues that the West Virginia statute for burglary, under which he was convicted in 1990, is a divisible statute and thus his conviction could not be used as a predicate offense under the ACCA. The United States Supreme Court has set forth the following analysis, referred to as the "categorical approach" or "modified categorical approach":

> [C]ompare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic crime" i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense . . . . [T]he "modified categorical approach" [is used] "when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative-for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

<u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281 (2013), <u>reh'g denied</u>, 134 S. Ct. 41 (U.S. 2013) (internal citations omitted).

The "generic offense" of burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). The West Virginia statute for burglary states that: "If any person shall, in the nighttime, break and enter, or enter without breaking, or shall, in the daytime, break and enter, the dwelling house, or an outhouse adjoining thereto or occupied therewith, of another, with intent to commit a crime therein, he shall be deemed guilty of burglary." W. Va. Code § 61-3-11. The term "dwelling house" includes "a mobile home, house trailer, modular home, factory-built home or self-propelled motor home . . . or any other nonmotive vehicle . . . ." Id.

Section 61-3-11 has previously been found to qualify under Taylor's definition of generic burglary and this Court finds no reason to not find so as well. United States v. Blankenship, 986 F.2d 1415, *1 (4th Cir. 1993). Section 61-3-11 requires the elements set forward by Taylor, as the following comparison shows: (1) an unlawful entry, "break and enter, or enter without breaking;" (2) into a building or other structure, "the dwelling house, or an outhouse . . . ;" and (3) with intent to commit the crime, "with intent to commit a crime therein." Taylor, 495 U.S. at 598. Further, under the definition of "dwelling house," § 61-3-11 specifically excludes "any other nonmotive vehicle" which

9

would include the Descamps reference to an automobile. Descamps, 133 S.Ct. at 2281. Thus, if provided with supportive information of the offense, a district court may find that conviction under § 61-3-11 constitutes a predicate offense under the ACCA.

The defendant's 1990 conviction was asserted in the indictment and further information was provided in the presentence investigation report ("PSR") to support a finding that the burglary elements were met. See United States v. Meherg, 714 F.3d 457, 459 (7th Cir. 2013), cert. denied, 134 S. Ct. 256, 187 L. Ed. 2d 188 (U.S. 2013) (In determining whether a defendant qualifies for an ACCA enhancement "[a] district court may rely on information contained in a PSR so long as the report is well-supported and appears reliable.") (citations omitted). As such, this Court correctly found that the 1990 conviction constituted a predicate offense under the ACCA and the defendant cannot be granted relief pursuant to 18 U.S.C. § 3582(c)(2).

## V. Conclusion

Based on the above, the defendant's motion for reduction of his sentence is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:      August 14, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE